IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Marc L. Hays and Jennifer L. Hays,

    Plaintiffs,

vs.                        Case No. 11-1163-JTM

Neil J. Ruther, Consumer Law Associates, LLC, New Leaf Debt, LLC, and EFA Processing, L.P. ,

    Defendants.

MEMORANDUM AND ORDER

Plaintiffs Marc and Jennifer Hays employed the defendants Neil Ruther, Consumer Law Associates, LLC, New Leaf Debt, LLC, and EFA Processing, L.P. to negotiate and compromise claims advanced by their creditors. After the settlement, the Hays brought the present action, alleging that the defendants violated the Kansas Credit Services Organizations Act (KCSOA) and the Kansas Consumer Protection Act (KCPA) by failing to register as a debt management service, as required by K.S.A. 50-1117(d)(3), and by engaging in a civil conspiracy to avoid the KCSOA and KCPA. In addition to other defenses, the defendants argue that they are not subject to the provisions of the KCSOA under K.S.A. 50-1116(b), which explicitly exempts lawyers from its coverage.

The matter is before the court on the defendants' Motion to Certify Questions to the Kansas Supreme Court. Specifically, the defendants ask that the court certify the following questions:

I. If an attorney licensed to practice law in Kansas and acting within the course and scope of the attorney's practice is exempt from the provisions of the Kansas Credit Services Organization Act, is the attorney's law firm also exempt? Specifically, does the definition of "person" in K.S.A. § 50-1117 (2005) apply to the attorney exemption at K.S.A. § 50-1116(b) (2005)?

II. Does applying the Kansas Consumer Protection Act or the Kansas Credit Services Organization Act to attorneys, law firms, and their administrative agents in the context of attorney-client relationships violate the separation of powers mandated by Article 3, Section 1, of the Kansas Constitution?

Certification "allows a federal court faced with a novel state-law question to put the question directly to the State's highest court," and aids the administration of justice by "reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response" from the state court. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 76, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). This court may therefore certify novel and unsettled questions of law. *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990). Certification is appropriate where it will serve to materially conserve the resources of the court and parties. *Boy Rosene & Assocs. v. Kansas Mun. Gas,* 178 F.3d 1363, 1365 (10th Cir. 1999). The decision to certify is committed to the discretion of the federal court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

The court finds that the proposed questions meet these standards, and that resolution of the questions identified by the court would materially aid in the resolution of the present action, as well as some eight other actions currently pending in the United States Bankruptcy Court for the District of Kansas. *See* Dkt. 45, at 5. No Kansas case has directly addressed either of the issues raised by the defendants, and a positive answer to question would resolve all or almost all of the claims presented by the defendants.

After initially agreeing with the defendants that certification was appropriate, the plaintiffs now contend that the questions are "entirely hypothetical," as they "do not believe that the primary

service offered by the defendants, that being debt settlement, constitutes the practice of law." (Dkt. 46, at 1, 2).

The plaintiffs present no substantial grounds for denying certification, citing no authority for concluding that Kansas courts have directly resolved either of the proposed certified questions. Contrary to plaintiff's contention, the proposed questions are not hypothetical but are firmly grounded in the factual contentions and legal issues raised in the Pretrial Order, and their resolution will materially affect the outcome of the action. (Dkt. 43). Further, considering the substantial public policy questions raised by these issues, resolution by Kansas appellate courts is particularly appropriate.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2012, that the defendants' Motion to Certify (Dkt. 45) is granted, and the court certifies to the Kansas Supreme Court the questions of law identified herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE