IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Marc L. Hays and Jennifer L. Hays,

        Plaintiffs,

        vs.                            Case No. 11-1163-JTM

Neil J. Ruther, Consumer Law Associates, LLC, New Leaf Debt, LLC, and EFA Processing, L.P.,

        Defendants.

MEMORANDUM AND ORDER

This is an action alleging that the defendant debt collectors violated the Kansas Consumer Protection Act, K.S.A. 50-623 *et seq.* (KCPA), and the Kansas Credit Services Organization Act, K.S.A. 50-1116 *et seq.* (KCSOA). The defendants have denied liability, asserting among other things that the KCPA and the KCSOA are unconstitutional. The matter is before the court on the Motion to Intervene by Derek Schmidt, the Kansas Attorney General. The defendants generally "concede that Fed.R.Civ.P. 24(a)(1) authorizes the Attorney General's intervention," but argue that the intervention should be limited in scope. (Dkt. 55, at 3).

The court hereby grants the Motion to Intervene, finding that Schmidt may intervene by right pursuant to Rule 24(a). His intervention is further authorized by Rule 24(b), because his claim is predicated on a statute enforced by the Attorney General.

Further, the court finds that the intervention should not be limited as suggested by defendants. The defendants' pleadings have presented arguments suggesting that both the KCPA and the KCSOA are constitutionally infirm, at least as applied to their actions, and Kansas law gives the Attorney General the authority to enforce remedies under both statutes. *See* K.S.A. 50-1132, 50-1134. Further, the state statutes give the Attorney General the duty to administer the KCPA. *See* K.S.A. 50-628 *et seq*. The Attorney General therefore has an interest in litigation affecting the constitutionality of the statutes, and this interest is distinct from the interests of the plaintiffs. The plaintiffs, presenting a private grievance against the defendants, may not adequately represent the interests of the State of Kansas, and accordingly intervention is appropriate under both Rule 24(a) and 24(b).

IT IS ACCORDINGLY ORDERED this 20th day of November, 2012, that the Motion to Intervene (Dkt. 52) is hereby granted.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE